UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Case No. 99 CR 397-9 |
| SERGIO ROCHA, ) | |
| ) | Judge John W. Darrah |
| Defendant. ) | |
| ) | |

## MEMORANDUM OPINION AND ORDER

Defendant Sergio Rocha[1] filed a Motion for a Sentencing Reduction pursuant to 18 U.S.C. § 3582(c)(2), arguing that a retroactive amendment to the Federal Sentencing Guidelines reduced his base offense level and would thereby proportionally reduce the term of his supervised release. Based on the analysis below, Defendant's Motion for a Reduction in Sentence is denied.

## BACKGROUND

Defendant pled guilty and was convicted on one count of conspiring to knowingly and intentionally distribute and on one count of knowingly and intentionally distributing a controlled substance, specifically, mixtures containing cocaine base in the form of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(a)(1). (Def.'s Mot. ¶ 1.) On

---

[1] Defendant's motion also seeks reassignment by the Northern District's Executive Committee due to Judge Anderson's retirement. However, this request is moot: while Defendant was originally sentenced by Judge Anderson, following his retirement, the Executive Committee reassigned this case to Judge Darrah.

1

May 16, 2002, Defendant was sentenced to a prison term of 168 months, to be followed by a term of supervised release of five years on the conspiracy count and three years on the distribution count, to be served concurrently. (*Id.*) During sentencing, Defendant's base offense level under the United States Sentencing Guidelines ("USSG") was found to be Level 38, because he was responsible for over 1.5 kilograms of crack cocaine. (Gov't's Resp. at 2.) His base level increased by 2 for possession of a firearm, but it was then reduced by 5 levels due to a minor role adjustment and for acceptance of responsibility. (*Id.*) These adjustments resulted in Defendant's total combined offense level of 35. (*Id.*) This offense level, coupled with Defendant's Criminal History Category I designation, provided a guideline range of 168 to 210 months' imprisonment. (*Id.*)

On September 12, 2008, Defendant filed a motion, seeking a reduction in sentence pursuant to Amendment 706 to the Sentencing Guidelines. (Def.'s Mot. ¶ 6.) This first reduction motion was denied, as the Court found "[t]he factual basis underlying defendant's offense shows that he was accountable for the distribution of well in excess of 4.5 kilograms." (Order Denying Def. Mot., Dec. 9, 2008, Dkt. No. 730.) Based on the guidelines in place at that time, this amount of cocaine base would invoke the same base offense level. (*Id.*)

Defendant was released from custody on January 31, 2012, and is presently serving five years of supervised release. Defendant now seeks a reduction in his sentencing pursuant to Amendment 750 to the U.S. Sentencing Guidelines, which changed the quantities of crack cocaine applicable to specific offense levels. *See* USSG § 1B1.10. This amendment was made retroactive November 1, 2011. *Id.*

## LEGAL STANDARD

The Fair Sentencing Act of 2010 (the "Act") minimized the disparity between the sentencing for cocaine-related offenses and crack-related offenses. Pub. L. No. 111–220, 124 Stat. 2372 (2010). In particular, the Act reduced statutory penalties for crack offenses and included directives, requiring the Sentencing Commission to amend the Guidelines. *Id.* at 2372–75. Amendment 748 to the Sentencing Guidelines went into effect on November 1, 2010. This amended the Drug Quantity Table in § 2D1.1 of the Sentencing Guidelines. *See* USSG, App. C, Vol. III at 374–81. On June 30, 2011, the Sentencing Commission voted to give Amendment 748 retroactive effect, designating this change as Amendment 750 in Appendix C of the Sentencing Guidelines. *See* 76 Fed.Reg. 41332–35 (July 13, 2011). Amendment 750 went into effect on November 1, 2011. *Id.* at 41332.

Defendant seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c), which provides:

> In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Amendment 750 retroactively alters the base offense levels applicable to crack offenses under § 2D1.1 of the Sentencing Guidelines.

In *Dillon v. United States*, the Supreme Court set forth a two-part approach to determine the applicability of the retroactive guideline amendment. To determine if a defendant is eligible for a reduction, the court must first determine if the amended guideline range would have been applicable had the amendment been in effect at the time

3

of the defendant's initial sentencing. *Dillon v. United States*, 130 S. Ct. 2683, 2691 (2010) (*Dillon*). If the court finds the defendant is eligible for a reduction, the court must then consider "any applicable § 3553(a) factors and determine whether, in its discretion, the reduction . . . is warranted." *Id.* at 2692.

## ANALYSIS

Defendant completed his term of imprisonment and was released from prison January 31, 2012. He now seeks a reduction in his sentence. First, he cannot have a reduction in the term of imprisonment he already served. One of the limitations on reductions in sentences is: "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." USSG § 1B1.10(a)(2)(C). As the Supreme Court provided in *Dillon*, "Any reduction must be consistent with applicable policy statements issued by the Sentencing Commission." *Dillon*, 130 S. Ct. at 2688. Defendant already served his term of imprisonment; therefore, he is ineligible for a reduction in his sentence because the Guidelines prohibit a reduction in a term of imprisonment already served.

Furthermore, Defendant is ineligible for a reduction in the term of his supervised release. Defendant's supervised release is a component of his sentence separate from his term of imprisonment. *See* 18 U.S.C. § 3583(a). Defendant requests a reduction in his supervised release proportional to the reduction in the term of imprisonment he believes is warranted. As addressed above, Defendant is ineligible for a reduction in the term of imprisonment he served. Therefore, no such proportional reduction in the term of his supervised release exists. Moreover, "[a] district court may grant an early termination of a remaining term of supervised release after one year of supervised release has elapsed

4

and after the court considers certain factors in 18 U.S.C. § 3553(a), if the defendant's conduct and the interests of justice so warrant." *United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011) (citing 18 U.S.C. § 3553(e)(1)). Because Defendant only began his supervised release on January 31, 2012, it is premature to consider an early termination of his supervised release until at least one year of his supervised release has elapsed.

## CONCLUSION

Based on the foregoing analysis, Defendant's motion for a reduction in sentence is denied without prejudice.

Date: 3-14-12

JOHN W. DARRAH
United States District Court Judge